United States District Court
Middle District Of Florida

United States Of America, Respondent,

Versus

Enrique Chapman Defendant,

Case Number:
6:13-CR-164-ORL-31DA

FILED MAY 24 PM 2:46

## Motion To Correct Illegal Sentence And Clarification

COMES NOW, Enrique Chapman, Defendant, Pro Se, Moves This Honorable Court Pursuant To Rule 35(a) And/Or 28 USC § 2241 In Order To Correct An Illegal Sentence And Receive Clarification As To "How" This Honorable Court Intended Defendant's Sentence To Run With An Anticipated Yet To Be Imposed State Sentence. In Support Defendant Avers The Following Issues Of Fact Below:

## Procedural History

1. Defendant Was Arrested On Or About The 6th Of March 2013 In State Jurisdiction For Shooting A Deadly Missle Into A Vehicle.

2. Subsequently Thereafter, On Or About The 16th Of December 2013, Defendant Was Indicted In The Middle District Of Florida, For Possession Of A Firearm Pursuant To 922(g)(1), And Possession Of A Firearm By A Convicted Felon.

(Page 1 of 10)

3. Defendant Was Transported From State Jurisdiction Into The Federal Jurisdiction On Or About The 22nd Day Of June 2013 Without Any Resolution In State Case.

4. Defendant Accepted Full Responsibility And Entered Into A Plea Agreement With The Federal Government, And Was Sentenced To 60 Months And 18 Months Ran Consecutively Totaling 78 Months.

5. This Honorable Judge Never During Sentencing Orally Pronounced How It Intended Defendant's Federal Sentence To Run With An Anticipated Yet To Be Imposed State Sentence.

6. Defendant Subsequently Thereafter, Was Transported Back To State Jurisdiction For Resolution Under State Case No.: 2013-301230-CFOB, Which Was Imposed Concurrent To Federal.

7. Defendant On Or About The 28th Day Of October 2015, State Court Imposed A 96 Month Sentence In Which Defendant Served Approximately 72 Months Prior To Being Taken Into Federal Custody On Or About The 17th Day Of December 2020.

8. Upon Arrival BOP Provided Defendant A Sentence Computation Sheet And Advised Defendant That His Sentence Was Starting. See Attached Copy Of Sentence Monitoring Computation Data As Of 05-10-2021, Which Is The Basis For This Appeal. See Exhibit A

9. Defendant Now Files This Appeal Seeking Nunc Pro Tunc Designation In State Custody, As Where Defendant Will Or Had Served A Portion Of His Federal Sentence.

(Page 2 of 10)

CLAIM ONE: "DEFENDANT RESPECTFULLY REQUESTS THIS COURT GRANT NUNC PRO TUNC DESIGNATION IN STATE PRISON AS WHERE DEFENDANT WILL SERVE A PORTION OF HIS FEDERAL SENTENCE."

DEFENDANT RESPECTFULLY SEEKS NUNC PRO TUNC DESIGNATION IN THIS COMMERCIAL[1] CAUSE OF ACTION, OTHERWISE, A PLAIN ERROR AND/OR MANIFEST INJUSTICE WILL EXIST.

SENTENCING TRANSCRIPTS ARE INFACT SILENT AND DEVOID OF ANY ORAL PRONOUNCEMENT, AS TO HOW THIS HONORABLE COURT INTENDED DEFENDANT'S FEDERAL SENTENCE TO RUN WITH AN ANTICIPATED YET TO BE IMPOSED STATE SENTENCE. THIS DEFICIENCY AND/OR OMITTED DESIGNATION IS AND HAS ADVERSELY PREJUDICED DEFENDANT WITH A HARSHER LONGER SENTENCE. REASON BE, UPON THIS HONORABLE COURT IMPOSING IT'S SENTENCE WITH CREDIT FOR TIME SERVED SINCE DATE OF ARREST IN STATE LEVEL, DEFENDANT REASONABLY BELIEVED HIS SENTENCE WAS RUNNING. MORE IMPORTANTLY, SINCE THIS COURT NEVER AT ANY POINT ORALLY PRONOUNCED DEFENDANT'S SENTENCE WOULD BE TOLLED UNTIL DEFENDANT'S RETURN TO FEDERAL CUSTODY, DEFENDANT REASONABLY BELIEVED HIS SENTENCE WAS IN EFFECT ONCE IMPOSED. HOWEVER, BOP IS NOW ALLEGING SENTENCE WAS TOLLED WHILE HE WAS IN STATE CUSTODY. THIS IS AN UNSUPPORTED ALLEGATION, NOT SUPPORTED BY THIS COURT'S RECORD AT SENTENCING. IT IS A LEGAL MAXIM OF LAW AND CLEARLY ESTABLISHED, THAT ORAL PRONOUNCEMENT CONTROLS. HOWEVER, THIS COURT'S RECORD IS SILENT.

ONCE A SENTENCE IS IMPOSED, IT CAN NOT BE STOPPED FOR SEVERAL REASONS. FIRST, WHEN JUDGE IMPOSES A SENTENCE WITH CREDIT

---

1. 27 CFR 72.11 - COMMERCIAL CRIMES.

(PAGE 3 OF 10)

For Time Served, The Date Of Arrest Becomes The First Day Of A Defendant's Sentence; And From That Day, An End Of Sentence Date Is Also Conceived Or Created (Emphasis Added). In The Case At Bar Before This Court, The Record Will Evidence And Support That: (1) Defendant Was First Arrested In State Custody, And Remained In State Custody Until Federal Marshals Seized Him On A Warrant; (2) No Break In The Chain Exists Regarding Custody. Defendant Never Bonded Out Or Was Given ROR While In State Custody; And (3) Defendant Has Infact Remained Inbetween State And Federal Custody Since His State Arrest. These (3) Issues Of Fact Support Entitlement To Credit For Time "SERVED", And This Court Can Not Deny The Time Served From Date Of Arrest In State Level.

## Clearly Established Law

Castillo V. Federal Correctional Institution Of Tallahassee, 163 F. Appx 803, 804 (11th Cir. 2006) ("Noting A Defendant Can Receive Credit For Time Served Only If The Specified Time Period Has Not Been Credited Against Another Sentence.") See Also Case No. 06-20336.

In The Case At Bar Before This Honorable Court, Defendant Was Not Sentenced Prior To Being Transported To Federal Level On A Warrant. Defendant Is Entitled To Credit For Time Served, Where It Was Never Credited Against Another Sentence. If An Inmate Was In Primary State Custody When The Federal Sentence Was Imposed, The BOP Must Determine Whether The Federal Sentencing Court Expressed An Intent As To Whether The Federal Sentence Should Run Concurrently Or Consecutively With The Non-Federal Sentence - Setser V. United States, 566 US 231, 244, 132 S.Ct. 1463, 182 L.ed 2d 455 (2012).

Although Defendant Was Arrested By State Authority First, State Authorities Relinquished And/Or Waived Jurisdiction Over To Federal Jurisdiction For Trial, Sentencing, And Incarceration. See: United States V. Warren, 610 F2d 680 684-85 (9th Cir 1980) Which Held, "The First Sovereign With

Priority Of Jurisdiction May Elect Under The Doctrine Of Cumity To Relinquish It To Another Sovereign. This Discretionary Election Is An Executive, And Not A Judicial Function.")

When State Waived Jurisdiction To Federal Jurisdiction For Trial, Sentencing, And Incarceration, The Federal Became Primary. Federal Court Convicted And Sentenced Defendant First And That Sentence Began Once Imposed. As Further Support, Please See § 3585(b) - Credit For Prior Custody - Which States As Follows:

"A Defendant <u>Shall</u> Be Given Credit Towards The <u>Service</u> Of A <u>Term</u> Of <u>Imprisonment</u> For Any Time He Has <u>Spent</u> In <u>Official Detention</u> Prior To The Date The Sentence <u>Commences</u> —

(1.) As A Result Of The Offense For Which The Sentence Was Imposed; Or

(2.) As A Result Of <u>Any Other Charge</u> For Which The Defendant Was Arrested After The Commission Of The Offense For Which The Sentence Was Imposed; That Has Not Been Credited Against Another Sentence.

The Primary Custody Doctrine Provides That The First Sovereign To Arrest The Defendant Is Entitled To Have The Defendant Serve That Sovereign's Sentence Before One Imposed By Another Sovereign - Tacletta V. Federal Bureau Of Prisons, 606 F. Appx. 661, 663 (3rd Cir 2015). Also See: United States V. Booker, No.: 1:03-CR-28/MMP 2006 US Dist. Lexis 7379, 2006 WL 287860 At *1 (ND Fla Feb. 6, 2006) (Unpublished). As Explained In Booker As A General Rule, The First Sovereign To Arrest An Offender Has Priority Of Jurisdiction Over Him For Trial, Sentencing, And

Incarceration. 2006 US Dist. Lexis 7379 2006 WL 28786 At *1 N.2 (Citing Thomas V. Brewer, 923 F2d 1361, 1365 (9th Cir. 1991)). The Jurisdiction Of The First Sovereign Continues Until The First Sovereign Relinquishes It's Priority By For Example, Bail, Release, Dismissal Of The State Charges, Parole Release, Or Expiration Of Sentence. Id. (Citing United States V. Warren, 610 F2d 680, 684-85 (9th Cir. 1980)

Defendant Filed With His Unit Team For Credit For Time Served In State Level Towards His Federal Sentence, But Was Denied. Defendant Exhausted Administrative Relief, However, Was Denied And BOP Refused To Grant The Warranted Credit For Time Served By Designating A State Prison As A Place Of Federal Nunc Pro Tunc - Roman V. Nash, 184 F. Appx. 277, 279 (3rd Cir. 2006) Citing Barden V. Keohane 921 F.2d 476, 481 (3rd Cir. 1991). Barden Allows The BOP To Designate Nunc Pro Tunc A State Prison As The Designated Place Of Confinement To Serve A Federal Sentence If The Federal Sentencing Court Is (Silent) As To Whether The Federal Sentence Runs Concurrently With The State-Court Sentence. See: Rogers V. United States, 180 F.3d 349, 356 (1st Cir. 1991) (Recognizing Existence Of Authority That BOP May Designate Place Of Confinement Nunc Pro Tunc When Federal Sentencing Court Is Silent As To Whether A Federal Sentence Should Run Concurrently With A Not-Yet Imposed State Sentence. (Quoting McCarthy V. Doe, 146 F.3d 118, 119 (2nd Cir. 1998), And Citing Barden, 921 F.2d. At 483; Capaldo, 2004 US Dist. Lexis 12325, WL 1454408, At *3 (When BOP Designates A State Facility For The Service Of The Federal Sentence, The Federal Sentence May Commence") (Citation Omitted); Accord Jimenez, 147 F. Supp.

(Page 6 of 10)

2d at 28 ("When Federal Court Sentences A Defendant Who Is In State Custody At The Time Of Sentencing... Federal Sentence May Commence If... BOP Agrees To Designate The State Facility For Service Of The Federal Sentence.") (Internal Citations Omitted).

Defendant Was Denied The Warranted Relief By The BOP And His Only Remedy Is Through This Honorable Court By Clarifying Orally How It Intended The Federal Sentence To Run To An Anticipated But Not Yet To Be Imposed State Sentence. Record Is Silent And This Court Must Orally Pronounce It's Intent For Clarification Purposes. In Setser v. United States, 132 S. Ct. 1463, 1468 (2012), The US Supreme Court Relied On The Federal Sentencing Guidelines Manual And Held That All Federal District Courts Have Discretion To Order That The Sentence Run Consecutively To (Or Concurrently With) An Anticipated, But Not Yet Imposed State Sentence. See: Also, § 5G1.3 (Determining Sentence) Requiring Run Concurrently To An Anticipated State Sentence Based On Relevant Conduct (As Identified By Guideline §1B1.3).

Finally, Pursuant To US Bureau Of Prisons, 918 F.3d 431; 2019 US App. Lexis 7560 (5th Cir. 2019), Which Held, District Courts Have Discretion To Select Whether The Sentences They Impose Will Run Concurrently Or Consecutively With Respect To Other Sentences That They Impose, Or That Have Been Imposed In Other Proceedings, Including State Proceedings. A District Court May Order That A Federal Sentence Run Consecutively To An Anticipated But Not Yet Imposed State Sentence. Yet The Authority To Choose A Concurrent Or Consecutive Sentence Presupposes The

EXISTANCE OF ANOTHER SENTENCE. IF A PRISONER COMPLETES HIS FEDERAL SENTENCE BEFORE ANOTHER SENTENCE IS IMPOSED, THE BOP LACKS AUTHORITY TO HOLD HIM BEYOND HIS RELEASE DATE. SEE: 18 USCS § 3624(a).

THE SENTENCING COURT "DOES" RETAIN RESIDUAL AUTHORITY TO CONSIDER A DEFENDANT'S TIME IN CUSTODY - UNITED STATES V. HANKTON, 875 F.3d 786, 792 (5TH CIR. 2017). IF THE COURT DETERMINES THAT BOP WILL NOT CREDIT A DEFENDANT'S PRIOR TIME SERVED, THE COURT CAN REDUCE THE DEFENDANT'S SENTENCE UNDER 5G1.3(b) OR 5K2.23 OF THE US SENTENCING GUIDELINES. Id. BUT THE DISTRICT COURT MUST CALCULATE THE DEFENDANT'S FINAL SENTENCE ITSELF, IT CANNOT SIMPLY ORDER THE BOP TO AWARD CREDIT. MOREOVER, NEITHER OF THESE GUIDELINES PROVISIONS AUTHORIZES A DISTRICT COURT TO INCREASE A DEFENDANT'S SENTENCE TO DENY CREDIT THAT THE DEFENDANT IS OTHERWISE ENTITLED UNDER § 3585(b).

DEFENDANT IS INFACT ENTITLED TO CREDIT FOR TIME SERVED IN STATE CUSTODY TOWARD HIS FEDERAL SENTENCE, BECAUSE HE WAS SENTENCED IN FEDERAL FIRST. ADDITIONALLY, NO CREDIT FOR TIME SERVED HAD BEEN CREDITED TOWARD OR AGAINST ANY OTHER SENTENCE. STATE RELINQUISHED IT'S JURISDICTION OVER DEFENDANT, SO FEDERAL COULD EXCERSIZE IT'S JURISDICTION FOR PURPOSES OF TRIAL, SENTENCING, AND INCARCERATION. FEDERAL SENTENCE BEGAN ONCE IMPOSED, AND SENTENCE COULD NOT BE TOLLED ONCE IMPOSED, ESPECIALLY WHERE CREDIT FOR TIME SERVED WAS GRANTED OR ORDERED. TO STOP DEFENDANT'S TIME WOULD PROLONG HIS SENTENCE BEYOND WHAT JUDGE IMPOSED. FOR EXAMPLE: IF COURT IN 2016 IMPOSED A 4 YEAR SENTENCE, THAT WOULD CREATE AN END OF SENTENCE RELEASE DATE OF 2020. BUT IF HIS

Sentence was tolled while in State Custody and restarted in 2020. That would be unreasonable because he will be serving 8 years opposed to the 4 years Court Imposed. (Emphasis Added). Defendant is Similarly Situated as Case No.: 06-20336-DLG-Isaac Castillo #64950-004. (Equal Protection Clause).

## Conclusion Relief Sought

Wherefore, Defendant respectfully requests that this Honorable Court vacate the sentence and remand for the District Court to clarify it's intended sentence, by considering whether to fashion through an Adjustment, A Departure, A Shorter Within-Guidelines Term of Imprisonment, A Variance - A Sentence that accounts for Chapman's time served, or any other relief this Honorable Court deems proper by law.

C.C.: Defendant's Files and Records.

Respectfully Submitted,

/s/ E. _____

Enrique Chapman #59001-018
Coleman FCI Medium
P.O. Box 1032
Coleman, Florida 33521

(Defendant, Pro Se)

(Page 9 of 10)

## SWORN CERTIFICATE OF SERVICE

I, ENRIQUE CHAPMAN, DEFENDANT, AND UNDERSIGNED AFFIANT, DO HEREBY SOLEMNLY SWEAR <u>FOR THE RECORD</u> AND <u>ON THE RECORD</u> UNDER PENALTY OF PERJURY (FLORIDA STATUTES § 92.50 / § 92.525) AND (28 USC § 1746) THAT COPIES OF THIS "MOTION TO CORRECT ILLEGAL SENTENCE AND CLARIFICATION" WERE PLACED INTO THE HANDS OF BOP OFFICIALS AT COLEMAN FCI MEDIUM THIS 19th DAY OF May 2021 FOR MAILING VIA US POSTAL SERVICE TO: MIDDLE DISTRICT COURT OF FLORIDA FOR THE UNITED STATES, 401 WEST CENTRAL BOULEVARD, SUITE 1200 ORLANDO, FLORIDA 32801, IN THE PRESENCE OF TWO WITNESSES HEREIN BELOW.

(A) WITNESS: Isaac Castillo
I.D.# 64950-004
/S/ Isaac Castillo

(B) WITNESS: Kemar Clark-Thomas
I.D.# 96584-004
/S/

RESPECTFULLY SUBMITTED,

/S/ E.
ENRIQUE CHAPMAN #59001-018
COLEMAN FCI MEDIUM
PO BOX 1032
COLEMAN, FLORIDA 33521
(AFFIANT/DEFENDANT)

(PAGE 10 OF 10)

```
COMCM  540*23  *       SENTENCE MONITORING           *    05-10-2021
PAGE 001       *         COMPUTATION DATA            *    07:37:31
                         AS OF 05-10-2021

REGNO..: 59001-018 NAME: CHAPMAN, ENRIQUE


FBI NO............: 497721HC1         DATE OF BIRTH: 02-14-1993 AGE: 28
ARS1..............: COM/A-DES
UNIT..............: C 3               QUARTERS.....: Z02-133UAD
DETAINERS.........: NO                NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 11-21-2025

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-21-2026 VIA GCT REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION............: FLORIDA, MIDDLE DISTRICT
DOCKET NUMBER....................: 6:13-CR-164-ORL-31DA
JUDGE............................: PRESNELL
DATE SENTENCED/PROBATION IMPOSED: 12-16-2014   — Date sentence
DATE COMMITTED...................: 12-17-2020  — when I got here: 6 years later
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT   Time served!
PROBATION IMPOSED................: NO

                 FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:  $200.00         $00.00           $00.00       $00.00

RESTITUTION...: PROPERTY: NO   SERVICES: NO      AMOUNT: $00.00

REMARKS.......: DOCKET #6:13-CR-164-ORL-31DAB

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  136     18:922(G) FIREARMS,GUN CNTL
OFF/CHG: 18:922(G)(1) POSSESSION OF A FIREARM BY A CONVICTED FELON
       (CT2)

SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    18 MONTHS
TERM OF SUPERVISION.............:     2 YEARS
DATE OF OFFENSE.................: 08-30-2012
```

## EXHIBIT A

```
G0002        MORE PAGES TO FOLLOW . . .
```

ms. Juarve – Records

You currently do not have Points as you are a New Commit. Once DHO sanctions you, Points will be done by CSW.

```
  COMCM   540*23  *         SENTENCE MONITORING        *    05-10-2021
  PAGE 002         *         COMPUTATION DATA           *    07:37:31
                              AS OF 05-10-2021

  REGNO..: 59001-018 NAME: CHAPMAN, ENRIQUE



  ------------------------CURRENT OBLIGATION NO: 020 -------------------------
  OFFENSE CODE....:  130     18:924(C) FIREARMS LAWS         FSA INELIGIBLE
  OFF/CHG: 18:924(C)  POSSESSION OF A FIREARM DURING AND IN RELATION TO
           A DRUG TRAFFICKING CRIME (CT5)

   SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:    60 MONTHS
   TERM OF SUPERVISION.............:     2 YEARS
   RELATIONSHIP OF THIS OBLIGATION
    TO OTHERS FOR THE OFFENDER....: C/S TO OBLG 010
   DATE OF OFFENSE.................: 09-05-2012

  ------------------------CURRENT COMPUTATION NO: 010 -----------------------

  COMPUTATION 010 WAS LAST UPDATED ON 03-10-2021 AT DSC AUTOMATICALLY
  COMPUTATION CERTIFIED ON 03-10-2021 BY DESIG/SENTENCE COMPUTATION CTR

  THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
  CURRENT COMPUTATION 010: 010 010, 010 020

  DATE COMPUTATION BEGAN..........: 12-09-2020
  AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
  TOTAL TERM IN EFFECT............:    78 MONTHS
  TOTAL TERM IN EFFECT CONVERTED..:     6 YEARS       6 MONTHS
  AGGREGATED TERM OF SUPERVISION..:     2 YEARS
  EARLIEST DATE OF OFFENSE........: 08-30-2012

  JAIL CREDIT.....................: FROM DATE       THRU DATE
                                    03-06-2013      04-07-2013
```

[Handwritten annotation circling the JAIL CREDIT dates: "wrong! I got indicted on June 16th 2013 and sentenced Dec. 16-2014"]

```
  G0002        MORE PAGES TO FOLLOW . . .
```

```
  COMCM   540*23 *        SENTENCE MONITORING         *    05-10-2021
PAGE 003 OF 003 *          COMPUTATION DATA           *    07:37:31
                           AS OF 05-10-2021

REGNO..: 59001-018 NAME: CHAPMAN, ENRIQUE


TOTAL PRIOR CREDIT TIME.........: 33
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 350
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 05-21-2026
ELDERLY OFFENDER TWO THIRDS DATE: 03-07-2025
EXPIRATION FULL TERM DATE.......: 05-06-2027
TIME SERVED.....................:     6 MONTHS     5 DAYS
PERCENTAGE OF FULL TERM SERVED..:    7.8
PERCENT OF STATUTORY TERM SERVED:    9.1

PROJECTED SATISFACTION DATE.....: 05-21-2026
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 12-21-2020 COMP COMPLT L/BLD. 03/10/21 UPDT JAIL CREDIT L/ALH.




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```